# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JERRY C. GILMORE, III, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | 1:11CV457 |
| ) | |
| SHAPIRO & INGLE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The instant matter comes before the undersigned United States Magistrate Judge sua sponte. (See Docket Entry dated Mar. 1, 2012.) For the reasons that follow, the instant action should be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

### Background

Husband and wife Plaintiffs Jerry C. Gilmore, III and Jeanette D. Gilmore, through counsel, filed a Complaint in this Court on June 7, 2011, against Defendants Shapiro & Ingle, LLP, GRP Loan, LLC, Select Portfolio Servicing, Inc., and DLJ Mortgage Capital, Inc., alleging claims for various violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1592 et seq. (See Docket Entry 1.) Four months later, and apparently without having served any Defendant (see Docket Entries dated June 7, 2011, to present), Plaintiffs filed a Notice of Voluntary Dismissal With Prejudice, dismissing their claims against Shapiro & Ingle, LLP, Select

Portfolio Servicing, Inc., and DLJ Mortgage Capital, Inc. (see Docket Entry 4 at 1).

Because Defendant GRP Loan, LLC, remained as a Defendant in the action and had not yet been served, on November 29, 2011, the Clerk of Court sent Plaintiffs a Notice to Plaintiff of Failure to Make Service Within 120 Days. (Docket Entry 5.) Said Notice reminded Plaintiffs of their obligation under Fed. R. Civ. P. 4(m) and noted that Fed. R. Civ. P. 4(m) "provides that if a defendant is not served within 120 days of the filing of the complaint, the court on motion or its own after notice to the plaintiff must dismiss the action without prejudice or order that service be made within a specified time." (Docket Entry 5 at 1.) The Notice further provided that Plaintiffs had 14 days to respond and that "failure to respond to this [N]otice within the time allotted may result in dismissal of the action without prejudice as to [D]efendant, GRP Loan, LLC." (Id.)

Despite these warnings, Plaintiffs have not responded to the Court's Notice, and the record does not reflect service on GRP Loan, LLC. (See Docket Entries dated Nov. 29, 2011, to present.)

### Discussion

The relevant language of Fed. R. Civ. P. 4(m) states:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court

-2-

Case 1:11-cv-00457-WO-LPA   Document 6   Filed 03/28/12   Page 2 of 3

must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

At present, more than nine months have passed since Plaintiffs filed their Complaint in this action and the Court has provided notice to Plaintiffs of the possible ramifications of their failure to comply with Fed. R. Civ. P. 4(m) (see Docket Entry 5). Despite the Court's warning, Plaintiffs have provided no explanation to the Court for their failure to pursue their claims, much less made any showing of good cause. Given the complete lack of attention paid to these matters, no grounds exist for this Court to enter an "order that service be made within a specified time," Fed. R. Civ. P. 4(m), rather than dismissing the action at hand.

## Conclusion

Plaintiffs have failed to serve the sole remaining Defendant in this action within 120 days of filing their Complaint and have offered no explanation to the Court for that failure.

**IT IS THEREFORE RECOMMENDED** that the Court should dismiss the instant action, without prejudice, pursuant to Fed. R. Civ. P. 4(m).

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

Date: March 28, 2012